### CÆSAR MISCH INCORPORATION v. MOSHEIM.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

SALES—SALE ON COMMISSION—CONSTRUCTION OF CONTRACT.

Defendant, an auctioneer, advanced to plaintiff $5,000 on certain stock and fixtures, and agreed to sell them at auction, guaranteeing them to bring at least $6,000, the proceeds over the sum of $5,500 to be divided between them equally, and the goods were sold for $6,201, whereupon defendant tendered plaintiff one-half of the proceeds over $5,500. *Held*, that the contract was not a sale of the goods to defendant, but an agreement by him to sell the goods for plaintiff on commission, and plaintiff was entitled to the $5,500 absolutely, and in addition thereto one-half of the proceeds over that sum.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 16–18.]

Appeal from Trial Term, New York County.

Action by the Cæsar Misch Incorporation against Julius R. Mosheim. From a judgment in favor of plaintiff for less than the amount claimed, and from an order denying a motion for new trial, plaintiff appeals. Reversed and remanded.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Sol. De Young, for appellant.
Franklin Bien, for respondent.

HOUGHTON, J. The plaintiff was the owner of a stock of goods and store fixtures, and the defendant was an auctioneer. The defendant submitted to plaintiff the following written proposition:

"We hereby advance you $5,000 on stock and fixtures contained in premises 241 Sixth Ave. Same to be sold at public auction. All over and above the sum of $5,500 realized at public sale on stock and fixtures we will divide in equal parts. All expenses to be paid by J. E. Mosheim & Co. Stock and fixtures guaranteed to bring not less than $6,000, and any deficiency below this amount will be paid by us."

This was accepted and signed by both parties. The amount realized upon the sale was $6,201.05. The defendant tendered to plaintiff one-half of the amount over $5,500, insisting that was all plaintiff was entitled to. The plaintiff claimed that it was entitled to, not only such one-half, but also to the $500 necessary, in addition to the $5,000 which had been paid, to make the $5,500 stipulated by the contract. On trial the court directed a verdict for plaintiff on the basis of such one-half only, interpreting the contract as giving to defendant the $500 as well as one-half the surplus over $5,500.

We cannot agree with the interpretation placed upon the contract by the trial court. The contract is very plain. The defendant did not buy the goods. He simply sold them for the plaintiff. He guaranteed that under his conduct of the sale the goods should bring a certain amount, and made advancements before the sale was begun. For compensation for his services and expenses in conducting the sale he agreed that he should take one-half of all the goods brought above $5,500. Up to that amount all the proceeds belonged to the plaintiff absolutely. There can be no question as to the interpretation of so plain a contract.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.